CASE 35—PROCEEDING ON A WARRANT FOR VIOLATION OF THE GAME
STATUTE—OCT. 18.

# Commonwealth v. Chase-Davidson Co., &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

A WARRANT AGAINST THE DEFENDANTS FOR OFFERING QUAIL FOR SALE
IN THE CLOSED SEASON, WAS DISMISSED, AND THE COMMONWEALTH
APPEALS. REVERSED.

VIOLATION OF THE GAME LAW—OFFERING BIRDS FOR SALE IN THE
CLOSED SEASON.

Held: Under Kentucky Statutes, section 1951, providing for the pun-
ishment of any person exposing for sale animals or birds within
the periods for which the taking or killing thereof is prohibited,
one who offers such animals or birds for sale in the closed season
can not escape punishment by showing that they were taken or
killed in the open season, though section 1950 provides that the
possession of such animals or birds in the closed season shall be
only prima facie evidence that they were unlawfully caught or
killed.

R. J. BRECKINRIDGE, ATTORNEY GENERAL, AND SAMUEL B. KIR-
BY, FOR APPELLANT.

1. It has been universally held that all game belongs to the sovereign,
in other words to the State, and the State only allows a quali-
fied right to the possession of game. Greer v. Com., 161, U. S.
Sup. Ct., 519; 61 Conn., p. 144; Am. & Eng. Ency. of Law, vol.
8, p. 124; Ky. Stat., sec. 1951; Am. & Eng. Ency., (old series)
vol. 8, 1024, 1027; Phelps v. Racey, 60 N. Y., 15 Sickles, p. 10;
Mayner v. People, 97 Ill., 329; Merrett v. People, 169 Ill., 218;
State v. Farrell, 23 Mo. App., 176; People v. Greer, 36 N. Y.
Sup., 720.

2. The fact that the quail offered for sale, was killed in the open
season and placed in cold storage and exposed for sale in the
protected season, is no defense to the charge, under the statute.

O. A. WEHLE, ATTORNEY FOR APPELLEE.

POINTS AND AUTHORITIES.

1. Where a statute forbidding the killing, having in possession, trans-
porting, etc., of game during a certain season makes the pos-

Commonwealth v. Chase-Davidson Co., &c.

session during the closed season *prima facie* evidence of the kill-
ing during the closed season; the possession, transportation, etc.,
is not punishable if it be shown that the game was killed dur-
ing the open season.  Commonwealth v. Hall, 128 Mass., 410;
People v. O'Neil, 71 Mich., 325; Allen v. Young, 76 Me., 80;
State v. Bucknam, 88 Me., 386; Commonwealth v. Wilkinson,
139 Pa. Stat., 298.  Distinguished from decisions where the stat-
ute says nothing of *prima facie* evidence: State v. Randolph, 1
Mo. App., 15; State v. Judy, 7 Mo. App., 524; State v. Farrell,
23 Mo. App., 176; *Ex parte* Maier, 103 Cal., 476; or where the
statute provides that during a certain number of the first days
of the closed season (only) the possession of killed game is not
punishable or explainable: State v. Rodman, 58 Minn., 393;
Roth v. State, 51 Ohio, 209; Phelps v. Racy, 60 N. Y., 10; Peo-
ple v. Gerber, 36 N. Y. S., 720; Manger v. People, 97 Ill., 320;
Merrett v. People, 169 Ill., 218; or where the exporting of game
at any time is made unlawful.  Selkirk v. Stevens, 75 N. W.
Rep., 386.

2. Where the statute in one section makes the killing, possession,
etc., of game during a certain season unlawful, and provides
that the having such game in possession during the closed sea-
son shall be *prima facie* evidence of the unlawful killing, and
in a subsequent section makes the sale or transportation of
game during the closed season unlawful, the provision concern-
ing possession, etc., being *prima facie* evidence, applies to all the
various offenses under the statute.  Allen v. Young, 76 Me., 80;
State v. Bucknam, 88 Me., 386.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

The appellees were charged by warrant in the police
court of the city of Louisville, Ky., charging that they had
in their possession, and offered for sale, quail on the 28th
day of October, 1899, contrary to the statutes.  Upon trial
in the police court a judgment of conviction was rendered,
and an appeal was prosecuted to the circuit court.  In the
circuit court a jury was waived, and the case was submit-
ted to the court upon proof.  The circuit court adjudged
appellees not guilty, and the Commonwealth appeals.

There is no dispute as to the facts.  The undisputed evi-
dence is, that in December, 1898, appellees purchased in

the market some 4,000 dozen quails, and placed them in cold storage. Some 800 dozen of these birds were on hand on October 28, 1899, and some of these birds were offered for sale to the prosecuting witness on that day. It was shown that the birds bought in December were all killed in the open season of 1898, and were kept over. On these facts being shown, the circuit court adjudged appellees to be not guilty.

Section 1944, Kentucky Statutes, reads: "No person shall catch, kill or pursue with such intent, or have the same in possession after it has been caught or killed, any quail, partridge or pheasant, between the first day of January and the fifteenth day of November in each year." Section 1949: "Any person guilty of violating any of the provisions of either of the preceding sections shall be fined for each offense not less than five nor more than twenty-five dollars." Section 1950: "The possession of any of the animals or birds intended to be protected by this law within the periods for which their killing or pursuit is hereby prohibited, shall be *prima facie* evidence that the said animal or bird was unlawfully caught or killed, and the possession thereof unlawful." Section 1951: "Any person exposing for sale any of the animals or birds intended to be protected by this law within the periods for which the taking or killing thereof is hereby prohibited shall, for each animal or bird so exposed for sale, be subject to the same penalty as herein provided for the unlawful killing or taking of such animal or bird." It is under section 1951, *supra*, that this prosecution is had.

It is earnestly insisted for appellees (and this is the view taken by the learned trial judge) that the object and purpose of the statute are to protect the birds of the State and to prohibit their capture or killing except for the short

space from November 15th to the end of the year, and that during this period any and all persons may kill and capture at pleasure, and in such quantities as they choose.

It is also insisted that, the meaning and intent of the statute as to the capture or killing of the birds having been complied with, the birds killed in the open season may be kept and eaten by the person who killed them, or that he may sell them at any time, and that it also follows that any person may keep, store, or expose for sale birds that have been killed in the open season. To sustain this view, section 1950 is referred to, which says that the possession within the closed season shall be *prima facie* evidence that the bird was unlawfully caught or killed. It is insisted that making the possession *prima facie* evidence of the unlawful killing necessarily means that the *prima facie* case thus shown may be rebutted by showing that the birds were caught or killed in the open season.

We assent to the proposition that, as to section 1950, proof may be introduced to show that the birds in possession were caught or killed in the open season, and that, if they were caught or killed in the open season, the possession of the birds is not prohibited. But as to the sale or offering for sale during the closed season (*i. e.*, between January 1st and November 15th) a different section is provided, and the rule of evidence is not the same. This section (1951) prohibits the sale of birds within the closed season, without regard to when or where they were killed. As to the proposed sale, there is no *prima facie* case to be rebutted, but the plain statute is that the birds shall not be exposed for sale within the prohibited periods. That they may be lawfully kept in possession under section 1950, having been killed in the open season, is no reason why they may be sold in violation of section 1951. The

reason for this difference in the two sections is manifest. The legislators may have been willing to permit a person to kill and store for his own use all the birds he desired during the open season, or may have been willing for any person to purchase and store for his own use birds killed in open season, yet were not willing to permit a wholesale slaughter of birds during the open season, and their storage and sale at any season. To prohibit the sale except in the open season would to a very large extent prevent the destruction of those birds and animals which the law intended to protect. If the intention of the statute was to protect the birds and animals of the country, it seems to us that section 1951, which appellees have violated, is the most potent for good.

We are of opinion that appellees have violated both the letter and spirit of the law enacted for the protection of the quail of the State, and that the judgment of acquittal herein is erroneous.

Judgment reversed, and cause remanded for a new trial, and for proceedings consistent herewith.